CHRISTINE SWELNIS,                    )
on behalf of herself and a class,           )
        Plaintiff,                       )
                         )
       v.                              )     Cause No.: 2:13-CV-104-PRC
                         )
UNIVERSAL FIDELITY L.P., TERRY W. )
SIMONDS, and TWS INTERESTS, LLC,   )
        Defendants.                     )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to (1) Strike Exhibits to and Portions of Defendants Simonds and TWS Interests' Memorandum in Support of Motion for Partial Summary Judgment and Supporting Statement of Facts [DE 32] or (2) in the alternative, to Pursue Discovery Before Responding to Defendants' Motion [DE 35], filed on December 9, 2013. Specifically, this motion seeks to strike an affidavit supporting their currently stayed Motion for Summary Judgment, or for more time to do discovery to explore how the claims made in the affidavit square with other statements made by Defendants.

This putative class action law suit alleges that Defendants are liable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), for using form letters that failed to included legally required information. This litigation is at a crucial stage for Plaintiff. Defendant Universal Fidelity has a net worth of $34,000, and, under the FDCPA, the maximum recovery for the putative class is hence only $340. *See* 15 U.S.C. § 1692k(a)(1)(B). Plaintiff has, however, joined two other defendants—Simonds and TWS—presumably in the hopes of getting a larger recovery than would otherwise be possible. Simonds and TWS filed a Motion for Partial Summary Judgment on November 19, 2013. District Court Judge DeGuilio stayed the briefing on that motion after

Plaintiff filed her Motion to Strike.[1]

In their brief in support of their Motion for Summary Judgment, Defendants Simonds and TWS contend that they cannot be liable under the FDCPA because they are not debt collectors. Part of the evidence they marshal to support this contention is a May 31, 2013 affidavit of Defendant Simonds. The relevant part of the affidavit states that Simonds is semi-retired and that he and TWS (which he and his wife own), though both partners in Universal Fidelity, are not involved in the day-to-day work of that company.

Plaintiff asks the Court to strike the affidavit of Defendant Simonds because it conflicts with Simonds's sworn statements made in Universal Fidelity's 2010 bankruptcy proceedings. These filings state that Simonds was the President and CEO of Universal Fidelity and that he would continue in that position. Plaintiff also contends that the affidavit, which states that Simonds is a limited partner of Universal Fidelty, conflicts with Simonds's response to Plaintiff's Requests for Admissions, where he stated that both he and TWS were general partners in Universal Fidelity. Alternatively, Plaintiff asks for more time to do discovery on these matters.

The Court thinks the latter more appropriate here because the apparent discrepancies might resolve themselves through discovery. Hence, the Court **DENIES in part and without prejudice** Plaintiff's Motion to (1) Strike Exhibits to and Portions of Defendants Simonds and TWS Interests' Memorandum in Support of Motion for Partial Summary Judgment and Supporting Statement of Facts [DE 32] or (2) In the alternative, to Pursue Discovery Before Responding to Defendants' Motion [DE 35], insofar as it seeks to strike Simonds's affidavit. The Court **GRANTS** the motion

---

[1]The parties consented on February 20, 2014, to have this case referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 626(c). This Court thus has jurisdiction to conduct all further proceedings and to order the entry of a final judgment in this case.

insofar as it seeks more time for discovery and **ORDERS** that the parties shall have until June 16, 2014, to finish discovery on this issue. Finally, the Court **LIFTS** the stay as to the briefing on the pending Motion for Partial Summary Judgment and **SETS** the following deadlines: Plaintiff's Response is due June 30, 2014, and Defendant's Reply, if any, is due July 14, 2014.

      SO ORDERED this 17th day of April, 2014.


                    s/ Paul R. Cherry
                    MAGISTRATE JUDGE PAUL R. CHERRY
                    UNITED STATES DISTRICT COURT

cc:     All counsel of record