# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CHRISTINE SWELNIS, )<br>on behalf of herself and a class, )<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNIVERSAL FIDELITY L.P., TERRY W. )<br>SIMONDS, and TWS INTERESTS, LLC, )<br>Defendants. ) | Cause No.: 2:13-CV-104-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Net Worth Information [DE 33], filed on November 25, 2013, and Plaintiff's Motion to Compel Documents [DE 41], filed on December 31, 2013. The Court provides some background and then considers each in turn.

## I. Background

This putative class action law suit alleges that Defendants are liable under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), for using form letters that failed to included legally required information. Defendant Universal Fidelity has a net worth of $34,000, and, under the FDCPA, the maximum recovery for the putative class is hence only $340. *See* 15 U.S.C. § 1692k(a)(1)(B). Plaintiff has, however, joined two other defendants—Simonds and TWS—presumably in the hopes of getting a larger recovery than would otherwise be possible.

Simonds and TWS filed a Motion for Partial Summary Judgment on November 19, 2013. District Court Judge Jon DeGuilio stayed the briefing on that motion pending a ruling on a related Motion to Strike, which this Court decides today (thus lifting the stay) in a separate Opinion and Order. The Court notes for the sake of clarity that Judge DeGuilio is no longer assigned to this case because the parties consented on February 20, 2014, to have this case referred to the undersigned

United States Magistrate Judge pursuant to 28 U.S.C. § 626(c). This Court thus has jurisdiction to conduct all further proceedings and to order the entry of a final judgment in this case.

## II. Motion to Compel Net Worth Information

The Motion for Partial Summary Judgment contends that Defendants TWS and Simonds are not debt collectors and thus cannot be held liable under the FDCPA. The Motion to Compel Net Worth information, which seeks financial information from Defendants TWS and Simonds, appears to turn on the same issue. Rather than decide something that may be rendered moot by a ruling on the pending Motion for Partial Summary Judgment, the Court takes the Motion to Compel Net Worth Information under advisement pending this Court's ruling on Summary Judgment.

## III. Motion to Compel Documents

Plaintiff served Defendants with interrogatories and document requests asking in relevant part for Defendants' internal training and compliance materials, the exact size of the putative class, and the names and addresses of potential class members. Defendants declined to provide this material, and Plaintiff brought this motion to compel. The Court considers each issue in turn.

### A. Training Materials

Plaintiff's Interrogatory No. 9 and Document Request Nos. 4–6, 8, and 11 each seek information—specifically: training manuals and other relevant documents—that relate to Defendants' Affirmative Defense of bona fide error. Defendants objected to turning over this material without the entry of a mutually agreed upon confidentiality order. But, as Plaintiff points out, the parties have already asked for and received a confidentiality order from this Court. Defendants essentially concede this point, stating in their Response that they will produce all relevant portions of the documents sought by Plaintiff.

2

Plaintiff is not completely satisfied, however, representing that there is a disc entitled "FDCPA Essentials for Collectors" that Defendants have told her about but have yet to hand over. The Court finds the Plaintiff's request well taken, and orders Defendants to turn over to Plaintiff all relevant and non-privileged materials that are responsive to Plaintiff's requests but have yet to be handed over.

### B. Potential Class Member Information

Plaintiff served Defendants with discovery requests seeking the size of the putative class along with the names and addresses of potential class members. Defendants refused to answer these requests, contending that they were overly broad, premature, and not calculated to lead to the discovery of admissible evidence. They also objected that the requests ran afoul of the general rule that potential class member information is not produced prior to class certification.

Before considering whether Plaintiff's motion is well taken, some framing of the issue as it stands before this Court is necessary. During informal negotiations, Plaintiff expressed willingness to consider a sampling of class information, the exact number of class members, and a promise by Defendants that they would preserve putative class members' information. She does not ask for this relief in her opening brief, however. And though she tries to ask for sampling in her Reply, the Court holds her to her earlier declaration that she "is no longer willing to accept a sampling of the class files and is requesting that this Court enter an order requiring Defendants to respond" to her original discovery requests. Pl. Br. 4. The Court hence does not consider sampling; it would be unfair to Defendants who, quite reasonably, did not address the issue in their Response brief. This threshold issue resolved, the Court turns to the substance of Plaintiff's motion.

Plaintiffs have the right to contact potential class members. *Johnson v. Bankers Life & Cas.*

*Co.*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981); *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 759 (7th Cir. 2000)). And any limitation on communication between a plaintiff and a potential class member must be "based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co.*, 452 U.S. at 101 (1981); *Williams*, 204 F.3d at 759.

This rule, however, does not "address whether a defendant has an obligation to produce contact information to facilitate plaintiff's pre-certification contact with putative class members." *Johnson*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013). As the Supreme Court held in *Oppenheimer Fund, Inc. v. Sanders,* the names and addresses of potential class members do not fall within the scope of allowable discovery under Federal Rule of Civil Procedure 26(b)(1). 437 U.S. 340, 353 (1978); *Johnson*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013). And, as Defendants point out, this restriction prevents lawyers from turning discovery into "a tool to identify potential new clients." 2 McLaughlin on Class Actions 11:1 (10th ed.) (citations omitted).

This information may be discoverable, however, if it is relevant for Federal Rule of Civil Procedure 23 purposes or where there is good reason to think that communication with class members might yield information bearing on those Rule 23 issues. *Oppenheimer* 437 U.S. 340, 354 n. 20 (1978); *Johnson*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013); *see also Sjoblom v. Charter Commc'ns, LLC*, 3:07-CV-0451-BBC, 2008 WL 4276928 (W.D. Wis. Jan. 4, 2008). Nevertheless, it is usually inappropriate for a Court to order a defendant to hand over name and address information for *all* the potential class members. *Oppenheimer* 437 U.S. 340, 354 n. 20

(1978); *Johnson*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013).[1]

Plaintiff's reason for wanting the name and address information is puzzling because the only reason she gives for needing it is to establish numerosity under Rule 23. And though she tries in her Reply to raise commonality and typicality as additional reasons, those arguments were raised for the first time in a Reply hence are not properly before the Court.

The Court concludes that there isn't any reason to think that this information would help Plaintiff establish numerosity, especially since she admits that she already knows the estimated size of the putative class. Name and address information does not bear on the size of the class but with who is in it. The Court accordingly denies Plaintiff's request for the name and address information of putative class members.

Finally, though class size is relevant under Rule 23, *See Muha v. Encore Receivable Mgmt., Inc.*, 236 F.R.D. 429, 430 (E.D. Wis. 2006), the Court finds no merit in Plaintiff's request for the *exact* size of the putative class. Defendants represent that they have given Plaintiff an estimated class size, and she neither challenges the accuracy of the estimated size nor provides any reasons to think that knowing the exact size is important for establishing the numerosity of the putative class, or anything else for that matter. As such, granting this request would needlessly burden Defendants, and the Court hence denies Plaintiff's request for the exact putative class size.

### III. Conclusion

For these reasons, the Court **TAKES UNDER ADVISEMENT** Plaintiff's Motion to Compel Net Worth Information [DE 33]. The Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel Documents [DE 41]. The Court **GRANTS** the motion insofar as it

---

[1] A sampling, rather than a full list, is usually more appropriate. *See Johnson*, 13-CV-144-WMC, 2013 WL 5442374 (W.D. Wis. Sept. 30, 2013). Though, as discussed above, this option is not being considered here.

seeks relevant training materials that have yet to be handed over to Plaintiff and **ORDERS** Defendants to turn over to Plaintiff all relevant and non-privileged materials that are responsive to those requests. The Court **DENIES** the Motion to Compel Documents insofar as it seeks the exact size of the putative class and the names and addresses of all potential class members.

SO ORDERED this 17th day of April, 2014.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: All counsel of record